ORIGINAL

BY FAX

JEFFREY R. SMITH
520 WEST 43rd STREET, APARTMENT 18C
NEW YORK, NEW YORK 10036
(916)292-8841
REDSF@ME.COM

Pro Se *Defendant*



FILED
2014 APR 14 P 3: 37
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF CALIFORNIA

*San Francisco*

| | |
|---|---|
| TREASURE ISLAND MEDIA, INC., a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>JEFFREY R. SMITH, an individual and Resident of the State of New York<br><br>Defendant. | Case Number: 3:14-cv-01007-EDL<br><br>**NOTICE OF MOTION AND MOTION TO TRANSFER VENUE**<br><br>**AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>DATE: Tuesday, June 3rd 2014<br>TIME: 9:00 AM<br>COURTROOM: E, Floor 15<br>JUDGE: Hon. ELIZABETH D. LAPORTE |

PLEASE TAKE NOTICE that on Tuesday, June 3rd, 2014 at 9:00 am, or soon thereafter as the matter can be heard, in the courtroom of the Honorable ELIZABETH D. LAPORTE, located at 450 Golden Gate Avenue, Courtroom E, 15th Floor, San Francisco, California 94102 I will, and hereby do, move for an order granting the attached MOTION TO TRANSFER VENUE.

The motion will be based on this Notice of Motion and Motion, the Memorandum of Points and Authorities below, the Declaration of Jeffrey R. Smith and the [Proposed] Order filed herewith.

NOTICE OF MOTION AND MOTION TO TRANSFER VENUE; CASE NO.: 3:14-cv-01007-EDL

Page 1 of 3

## MEMORANDUM OF POINTS AND AUTHORITIES

Defendant Jeffrey R. Smith respectfully moves the Court to transfer the venue for the above-entitled case to the United States District Court for the Southern District of New York.

Plaintiff filed their complaint in the United States District Court For The Northern District of California.

Defendant contends that venue is improper as the court lacks personal jurisdiction in this matter, pursuant to 28 U.S.C. § 1391(b)(1). In fact, the defendant has maintained residency in the State of New York for almost one year, is a leaseholder on property in New York through October 31, 2014, and has no foreseen plans to reinstate his residency with the State of California. Also, the defendant does not own property in the State of California and has not had nor has planned regularly scheduled trips to the state. The defendant also maintains strong personal ties to the State of New York, as his partner, immediate and extended family all reside here.

The Plaintiff, while incorporated in the State of California, maintains satellite offices in as few as four locations outside of the California, including an office at 356 7th Avenue, New York, New York 10001. The office maintained by the Plaintiff in the State and City of New York host a headcount of no fewer than six employees, including a key member of the Plaintiffs Board of Directors. These employees and board member are key witnesses in this matter and at trial may be called to testify.

The Defendant also contends that venue is improper under 28 U.S.C. § 1391(b)(2) as a substantial amount of the events and property that gave rise to the Plaintiffs claims occurred and/or reside in the State of New York. Also, as of June 2013, the defendant's employment with the Plaintiff was transferred to New York, making the laws of the State of New York those that govern said employment.

Beyond that, the Defendant would suffer an undue and extreme hardship attempting to defend himself in the Northern District of California. Unlike the Plaintiff, the Defendant lacks financial means to defend himself in this case, given the distance from his place of residence. The Defendant is currently unemployed and seeking full time work in New York State. Attempting to travel to and arrange legal aid in California would strain the Defendant's resources to the point that he would not be able to financially support himself, likely causing him to become a burden on State and Federal agencies.

Therefore, pursuant to 28 U.S.C § 1406(a), the Court may either dismiss this action or transfer it in the interest of justice to a district in which it should have been brought. The Defendant requests that the Court transfer the action to the Southern District of New York, in which defendant resides.

In the alternative, the Defendant moves the Court to exercise its discretion to transfer the venue of this action to the above-named districts for the convenience of the parties pursuant to 28 U.S.C. § 1404(a).

//
//
//

Respectfully submitted,

//

Date: ___April 12th, 2014___    Signature: _____

Printed Name: _Jeffrey R. Smith_

Per Se Defendant

//

//

//

NOTICE OF MOTION AND MOTION TO TRANSFER VENUE; CASE NO.: 3:14-cv-01007-EDL

Page 3 of 3