HARVEY SISKIND LLP
IAN K. BOYD (SBN 191434)
iboyd@harveysiskind.com
DONALD A. THOMPSON (SBN 260076)
dthompson@harveysiskind.com
Four Embarcadero Center, 39th Floor
San Francisco, California 94111
Tel: (415) 354-0100
Fax: (415) 391-7124

Attorneys for Plaintiff
TREASURE ISLAND MEDIA, INC.

# IN THE UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| TREASURE ISLAND MEDIA, INC., a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>JEFFREY R. SMITH, an individual,<br><br>Defendant. | Case No. C 14-01007 EDL<br><br>**PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANT'S MOTION TO TRANSFER VENUE**<br><br>Hearing Date: June 3, 2014<br>Time: 9:00 a.m.<br>Courtroom: E, 15th Floor<br>Judge: Hon. Elizabeth D. Laporte |

**INTRODUCTION**

Defendant Jeffrey R. Smith ("Defendant" or "Smith") engaged in unlawful conduct that was intended to – and did – cause reputational and financial harm to plaintiff Treasure Island Media, Inc. ("Plaintiff" or "TIM") at its principal place of business in San Francisco, California. This unlawful conduct included breaches by Smith of a written confidentiality agreement – signed by Smith in San Francisco while employed by TIM in San Francisco and while he resided in San Francisco.

TIM warned Defendant that his conduct was unlawful and repeatedly attempted to resolve the dispute amicably. Defendant continued his course of unlawful conduct and Plaintiff had no choice but to file suit.

Defendant now seeks to transfer venue from California to New York, claiming that traveling to and/or from California is inconvenient. He declares under penalty of perjury that travel to California would be "an immense hardship" and that he does not "have the financial means to travel to California." Declaration of Jeffrey R. Smith in Support of Motion to Transfer Venue at 2 (Docket No. 11) ("Jeffrey R. Smith Decl."). However, Defendant's claims are at best misleading and at worst fabrications given that he traveled to California merely to attend a party in Palm Springs as recently as April 23, 2014. *See* Declaration of Matt Mason in Opposition to Motion to Transfer Venue at 2, Exh. A ("Matt Mason Decl.").

Defendant's motion – premised on convenience – should be denied because Defendant has a demonstrated ability to travel to California, and Plaintiff is the master of its complaint. Moreover, Defendant's motion should be denied given that Defendant resided and worked in California until recently, Defendant intentionally directed his unlawful conduct toward California, and Defendant's actions caused harm to TIM in California.

**FACTS APPLICABLE TO THIS MOTION**

TIM is a California corporation with its principal place of business in San Francisco, California. Compl. ¶ 2. TIM owns a federal trademark registration for the MITCH MASON trademark (Reg. No. 4496999) for providing online journals, namely, blogs in the field of adult entertainment. Compl. ¶ 11; Request for Judicial Notice, Exh. A.

OPPOSITION TO DEFENDANT'S MOTION TO TRANSFER VENUE   Case No. C 14-01007 EDL

1    Plaintiff hired Defendant in San Francisco for employment at its San Francisco office in

2    January 2012 and Defendant resided and worked in San Francisco on behalf of Plaintiff until July

3    2013.  Compl. ¶ 5.

4    TIM employed Defendant as Director of Marketing & Customer Engagement from January

5    2012 to February 22, 2014.  TIM and Defendant had an at-will employment agreement implied by

6    their course of conduct between January 2012 and February 22, 2014 (the "Employment

7    Agreement") and also a written confidentiality agreement (the "Confidentiality Agreement").

8    Compl. ¶¶ 13-14.

9    The Confidentiality Agreement prohibited Defendant from using, disclosing, or otherwise

10   making use of TIM's confidential information for his personal benefit and binds Defendant for a

11   period of ten years from the date of signature, regardless of Defendant's relationship with TIM.

12   Compl. ¶ 14.  Both agreements were negotiated, entered into, and substantially performed in San

13   Francisco, California.   Compl. ¶¶ 5, 13-14;  Compl. Exh. A (Docket No. 1).

14   In July 2013, Defendant moved from San Francisco to New York with the express intention

15   of returning to California in July 2014.  Compl. ¶ 3.  Now, Defendant claims that he "has no

16   foreseen plans to reinstate his residency with the State of California" and does not have any

17   "planned regularly scheduled trips to [California]."  Mot. at 2 (Docket No. 10).  Defendant goes

18   further, declaring that "As of April 14th, 2014 … Traveling to and/or from California would be an

19   immense hardship" and also that "As of April 14th, 2014, [he does not] have the financial means to

20   travel to California."  Jeffrey R. Smith Decl. at 2 (Docket No. 11).

21   Contrary to Defendant's statements, Defendant has demonstrated his ability to travel to

22   California.  *See* Matt Mason Decl. at 2, Exh. A.    On April 24, 2014, Defendant posted "Good

23   morning LA!" and tagged himself at "Crunch Fitness - Sunset", a gym in Los Angeles, California.

24   *Id.*  Also on April 24, 2014, Defendant tagged himself at "Kitchen 24, West Hollywood", a

25   restaurant located in Los Angeles, California.  *Id.*  The following day, April 25, 2014, Defendant

26   appeared in a photograph posted on his Facebook page and tagged "near Palm Springs, CA."  *Id.*

27

28

OPPOSITION TO DEFENDANT'S MOTION TO TRANSFER VENUE          Case No. C 14-01007 EDL

**ARGUMENT**

**I.  THIS COURT HAS PERSONAL JURISDICTION OVER DEFENDANT**

Defendant has consented to jurisdiction in the Northern District of California by failing to object to lack of personal jurisdiction.  *See* Mot. (Docket No. 10).  Lack of personal jurisdiction is a waivable defect and a defendant waives any objection to the district court's jurisdiction over his person by not objecting to it in a responsive pleading or a Rule 12 motion.  Fed. R. Civ. P. 12(g), (h) (stating that a party who fails to object to personal jurisdiction in the first of either his answer or Rule 12 motion waives the objection).

A motion challenging venue is not effective to preserve the issue of personal jurisdiction. *Guardian Title Co. v. Sulmeyer*, 417 F.2d 1290, 1292 (9th Cir. 1969) (holding that defendant's motion challenged venue and was therefore insufficient to preserve for appeal the issue of personal jurisdiction); *see also Palmer v. Braun*, 376 F.3d 1254, 1259 (11th Cir. 2004).

Here, Defendant's motion challenges venue.  Defendant only mentions personal jurisdiction in his discussion of venue under 28 U.S.C. § 1391(b)(1); Mot. at 2 (Docket No. 10).  Defendant's failure to object to personal jurisdiction functions as implied consent that Defendant is subject to personal jurisdiction in the Northern District of California.

Even if Defendant's motion is construed liberally to raise an objection to personal jurisdiction, this Court has specific personal jurisdiction over Defendant. *See Bancroft & Masters v. Augusta Nat'l*, 223 F.3d 1082, 1086 (9th Cir. 2000); *Ballard v. Savage*, 65 F.3d 1495, 1498 (9th Cir. 1995).  A court may exercise specific jurisdiction over a nonresident defendant where (1) the defendant purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of the forum; (2) the claim arises out of or results from defendant's forum-related activities; and (3) exercise of jurisdiction is reasonable. *Bancroft & Masters*, 222 F.3d at 1086; *Ballard v. Savage*, 65 F.3d at 1498.

The purposeful availment requirement – which is the most critical of the three requirements – is satisfied if the defendant takes deliberate action within the forum state or if he creates continuing obligations to forum residents. *Ballard*, 65 F. 3d at 1498.  "It is not required that a

1    defendant be physically present within, or have physical contacts with the forum, provided that his

2    efforts are purposefully directed toward forum residents." *Id.* Here, Defendant purposefully availed

3    himself of the privilege of conducting activities in California – and in particular San Francisco – by

4    creating a continuing obligation to its residents.  Defendant maintained an employment relationship

5    with Plaintiff, a California resident, until February 22, 2014.  Compl. ¶ 13.  Defendant also signed

6    the Confidentiality Agreement with Plaintiff on January 1, 2013.  Compl. Exh. A. (Docket No. 1).

7    Defendant and Plaintiff executed the Confidentiality Agreement in San Francisco, California, and it

8    expressly seeks to protect Plaintiff, a California resident, from harm.  Moreover, the Confidentiality

9    Agreement creates an obligation by Defendant to Plaintiff through the year 2023.  As such, the

10   Defendant has purposefully availed himself of the privileges of conducting activities in California.

11   Defendant's activities also arise out of his contact with California.  The Ninth Circuit utilizes

12   a "but for" test to determine whether a particular claim arises out of forum-related activities for

13   purposes of specific jurisdiction. *Ballard*, 65 F. 3d at 1500.  The question becomes, but for

14   Defendant's contacts with California, would Plaintiff's claims against Defendant have arisen?

15   Again, the answer supports exercise of specific jurisdiction as Defendant's presence, employment,

16   and continuing obligations with California give rise to Plaintiff's claims.

17   The third requirement for specific jurisdiction is that the exercise of jurisdiction must be

18   reasonable.  Once a court finds purposeful availment, it must then presume that jurisdiction would

19   be reasonable and the burden to prove otherwise rests on the party seeking to avoid jurisdiction. *Id.*

20   (citing *Sher v. Johnson*, 911 F.2d 1357, 1364 (9th Cir. 1990)).  Because Defendant has purposefully

21   availed himself of the benefits of California, because Plaintiff's claims arises from Defendant's

22   contact with California, and because Defendant has not carried the "heavy burden of rebutting the

23   strong presumption in favor of jurisdiction," this Court should exercise specific jurisdiction over

24   Defendant. *Id.*  And again, any objection to personal jurisdiction has been waived.

25   **II.    VENUE IS PROPER IN THE NORTHERN DISTRICT OF CALIFORNIA**

26   Pursuant to 28 U.S.C. § 1391(b)(2), a civil action may be brought in any judicial district "in

27   which a substantial part of the events or omissions giving rise to the claim occurred."  Defendant

28

-4-

1  does not dispute, and case law makes clear, that a substantial portion of the events giving rise to

2  Plaintiff's claims occurred in the Northern District of California.  *See* Mot. at 2 (Docket No. 10).

3  Because this action involves tort, contract, and federal trademark principles, relevant considerations

4  for determining where a substantial portion of the events occurred, include (1) the locus of the

5  injury; (2) where the contract negotiations took place; (3) where the contract was signed; and (4)

6  where defendant's acts caused confusion and diminution in the value of the trademark.  *Myers v.*

7  *Bennett Law Offices*, 238 F.3d 1068, 1076 (9th Cir. Nev. 2001); *DSSDR, LLC v. Zenith Infotech,*

8  *Ltd.*, 2013 U.S. Dist. LEXIS 1029, 5 (N.D. Cal. Jan. 3, 2013); *Shropshire v. Fred Rappoport Co.*,

9  294 F. Supp. 2d 1085, 1094 (N.D. Cal. 2003); *Sidco Indus. Inc. v. Wimar Tahoe Corp.*, 768 F. Supp.

10  1343, 1347 (D. Or. 1991). Each of these considerations indicates that the Northern District of

11  California is a proper venue for this action.

12        **A.**    **The Underlying Contracts Were Negotiated, Entered Into, and Substantially**
13                 **Performed in California**

14       Plaintiff's contract based claims evidence that the Northern District of California is a proper

15  venue under § 1391(b)(2).  *See* Compl.  ¶¶ 45-55; *DSSDR, LLC*, 2013 U.S. Dist. LEXIS 1029 at 5;

16  *Shropshire*, 294 F. Supp. 2d at 1094.  Like in *Shropshire*, the parties negotiated, entered into, and

17  substantially performed under the Employment Agreement and Confidentiality Agreement in San

18  Francisco.  *Shropshire*, 294 F. Supp. 2d at 1094.  Because at least two of Plaintiff's claims will turn

19  on the Agreements between Plaintiff and Defendant, these contracts "are significant in determining"

20  that California is a proper venue.  *Id.*

21        **B.**    **Defendant's Actions Cause Confusion and Diminution of Plaintiff's Marks in**
22                 **California**

23       Plaintiff brings a claim for false designation of origin under the Lanham Act.  Compl. ¶¶ 24-

24  33.  In *Sidco Industries, Inc. v. Wimar Tahoe Corp.,* 768 F. Supp. 1343, 1347 (D. Or. 1991), the court

25  explained that a substantial part of the acts underlying a trademark claim occur where defendant's

26  acts cause confusion and diminution in the value of the plaintiff's mark.  The court held that Oregon

27  was a proper venue for a trademark action even though the defendants owned no property in the state

28

OPPOSITION TO DEFENDANT'S MOTION TO TRANSFER VENUE     Case No. C 14-01007 EDL

of Oregon; had no offices, employees, agents, or bank accounts in the state or Oregon; and did not specifically direct their business to the State of Oregon. *Id.* at 1344-47. The court determined that despite these facts, Oregon was a proper venue because the plaintiff was located in Oregon, defendants advertised in Oregon, and thus defendants caused "confusion and diminution in the value of [Plaintiff's] service mark in the State of Oregon." *Id.* at 1347.

The facts here are even more compelling than in *Sidco Industries*. Plaintiff is headquartered in California, Defendant worked for Plaintiff in California for over a year and a half, and Defendant's unauthorized use of the MITCH MASON registered trademark is likely to cause confusion in and diminish the value of Plaintiff's mark in California.

### C. Plaintiff Suffered Injury in California

Finally, Plaintiff suffered economic injury in California, which is itself sufficient to make California a proper venue. *See* Compl. ¶¶ 18-22 (Docket No. 1); *CollegeSource, Inc. v. AcademyOne, Inc.*, 653 F.3d 1066, 1079 (9th Cir. 2011); *Myers*, 238 F.3d at 1076. As explained in *CollegeSource, Inc.*, the Ninth Circuit has "repeatedly held that a corporation incurs economic loss, for jurisdictional purposes, in the forum of its principal place of business." *CollegeSource Inc.*, 653 F. 3d at 1079 (citing *Dole Food Co. v. Watts*, 303 F.3d 1104, 1113-14 (9th Cir. 2002); *Panavision Int'l, L.P. v. Toeppen*, 141 F.3d 1316, 1322 n.2 (9th Cir. 1998); *Core-Vent Corp. v. Nobel Indus. AB*, 11 F.3d 1482, 1487 (9th Cir. 1993)). TIM's principal place of business is in San Francisco, California. As such, the harm was – and continues to be – suffered in the Northern District of California, making this a proper venue for adjudication of Plaintiff's claims.

### III. BECAUSE VENUE IS PROPER IN THE NORTHERN DISTRICT OF CALIFORNIA, COURT MAY NOT TRANSFER OR DISMISS PURSUANT TO 28 U.S.C. § 1406(a)

A substantial portion of the events giving rise to Plaintiff's claims occurred in the Northern District of California so this is a proper venue for this action pursuant to 28 U.S.C. § 1391(b)(2). Defendant's requests that the Court dismiss or transfer this action under 28 U.S.C. § 1406(a) are therefore improper. *Reed v. Brown*, 623 F. Supp. 342, 345-346 (D. Nev. 1985). Section 1406(a) states that "the district court of a district in which is filed a case laying venue in the wrong division or

OPPOSITION TO DEFENDANT'S MOTION TO TRANSFER VENUE          Case No. C 14-01007 EDL

district shall dismiss, or if it be in the interests of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). The statute allows transfer *only* where venue is improperly laid in that district. *Reed v. Brown*, 623 F. Supp. at 345-346 (emphasis added). It does not apply where venue has been properly laid. *Id.* Because venue is proper in the Northern District of California, the Court may not transfer or dismiss this action pursuant to Section 1406(a).

## IV. THE COURT SHOULD NOT TRANSFER FOR CONVENIENCE PURSUANT TO 28 U.S.C. § 1404(a)

28 U.S.C. § 1404(a) permits the court to transfer an action "for the convenience of parties and witnesses [and] in the interest of justice … to any other district or division where it might have been brought." However, under Section 1404(a), "a plaintiff's choice of forum is generally afforded substantial weight, such that a defendant must make a ***strong*** showing of inconvenience to warrant upsetting the plaintiff's choice of forum." *Rhapsody Int'l Inc. v. Lester*, 2014 U.S. Dist. LEXIS 23160, 30-31 (N.D. Cal. Feb. 24, 2014) (internal quotations omitted) (emphasis added); *see also Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 843 (9th Cir. 1986); *Dex Prods. v. Houghteling*, 2006 U.S. Dist. LEXIS 45237, 23-25 (N.D. Cal. June 23, 2006); *Shropshire v. Fred Rappoport Co.*, 294 F. Supp. 2d 1085, 1094-1095 (N.D. Cal. 2003).

Here, Defendant's request to transfer venue for the convenience of the parties pursuant to 28 U.S.C. § 1404(a) should be denied because Defendant fails to make a strong, let alone a sufficiently strong showing of inconvenience to warrant upsetting TIM's choice of forum in the Northern District of California. *Decker Coal Co.*, 805 F.2d at 843; *Rhapsody Int'l Inc.*, 2014 U.S. Dist. LEXIS 23160 at 30-31; *Dex Prods.*, 2006 U.S. Dist. LEXIS 45237 at 23-25; *Shropshire*, 294 F. Supp. 2d at 1094-1095.

In its inquiry, the Court is to consider both private and public interest factors affecting the convenience of the forum. *Decker Coal Co.*, 805 F.2d at 843 (citing *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 241 (1981)); *Shropshire*, 294 F. Supp. 2d at 1095. Private factors include the relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing, witnesses; and all other practical problems that make

OPPOSITION TO DEFENDANT'S MOTION TO TRANSFER VENUE      Case No. C 14-01007 EDL

1    trial of a case easy, expeditious and inexpensive.  *Decker Coal Co.*, 805 F.2d at 843 (quoting  *Gulf*

2    *Oil Corp. v. Gilbert*, 330 U.S. 501, 508 (1947)).

3         Public factors include the administrative difficulties flowing from court congestion; the local

4    interest in having localized controversies decided at home; the avoidance of unnecessary problems

5    in conflict of laws; and the unfairness of burdening citizens in an unrelated forum with jury duty.  *Id.*

6    (quoting *Piper Aircraft*, 454 U.S. at 241 n.6)).

7         **A.      Private Factors Weigh Against Transfer**

8         The private factors to be considered in a motion to transfer venue under Section 1404(a)

9    weigh strongly against transfer of venue – in particular, the location of evidence and witnesses. *See*

10   *Decker Coal Co.*, 852 F.2d at 843; *Dex Prods.*, 2006 U.S. Dist. LEXIS 45237 at 23-25; *Shropshire*,

11   294 F. Supp. 2d at 1095.  A majority of the witnesses, records, and other evidence significant to this

12   dispute is located in San Francisco.  Matt Mason Decl. at 1.  TIM intends to call approximately ten

13   TIM employees located in San Francisco as witnesses in this dispute.  *Id.*  TIM also intends to call

14   approximately ten non-party witnesses in this dispute, all of whom are located in California.  *Id.*

15   Moreover, all of TIM's corporate records are located in San Francisco.  *Id.*  Because so many

16   witnesses, records, and other evidence are located in California generally and San Francisco

17   specifically, the private factors including the availability of compulsory process for attendance of

18   unwilling witnesses and the cost of obtaining attendance of willing witnesses weigh strongly against

19   transfer of this action.

20        Defendant alleges that defending against suit in California would be a personal

21   inconvenience, however Defendant's recent trip to California undermines his contentions that he

22   would suffer "an undue and extreme hardship attempting to defend himself in the Northern District

23   of California." Mot. at 3 (Docket No. 10).  Defendant claimed that as of April 14, 2014, "[t]raveling

24   to and/or from California would be an immense hardship," however nine days later Defendant

25   traveled to Los Angeles and Palm Springs, ostensibly to attend a party.  *See* Matt Mason Decl. Exh.

26   A.  Defendant's own social media postings demonstrate his ability to travel to and/or from

27   California.  *Id.*  Although traveling to California for legal rather than social purposes may be a

28

OPPOSITION TO DEFENDANT'S MOTION TO TRANSFER VENUE          Case No. C 14-01007 EDL

1  slight inconvenience for Defendant, courts have repeatedly held that a defendant is simply not

2  permitted to shift the inconvenience to the plaintiff.  *See Decker Coal Co.*, 852 F.2d at 843 (rejecting

3  a motion to transfer where transfer would "merely shift rather than eliminate the inconvenience").

4      Litigating in the Southern District of New York would cause TIM a substantial inconvenience

5  as it would require TIM to transport a large number of witnesses and great deal of physical evidence

6  across the country.  Moreover, the inconvenience is especially severe since TIM has suffered a

7  significant loss in revenue and assets from Defendant's theft of property, misappropriation of trade

8  secrets, cyberpiracy, and other unlawful conduct.  Matt Mason Decl. at 1.

9      Defendant's own conduct precludes him from seeking a venue transfer under Section 1404(a).

10      **B.      Public Factors Weigh Against Transfer**

11      Defendant has not cited any public factors that support a transfer, which alone weighs against

12  transfer.  *See Decker Coal Co.*, 852 F.2d at 843; *Shropshire*, 294 F. Supp. 2d at 1095.  Additionally,

13  the public factors also substantively weigh against transfer.  *See Decker Coal Co.*, 805 F.2d at 843.

14  Here, California has an interest in overseeing a dispute between a current resident and a former

15  resident, regarding a claim that arose out of an employment relationship and confidentiality

16  agreement entered into and substantially performed in California.  *See id.*

17                              **CONCLUSION**

18          The motion should be denied for the reasons stated above.

19

20  Dated: April 29, 2014                    Respectfully submitted,

21                                           HARVEY SISKIND LLP
22                                           IAN K. BOYD
                                             DONALD A. THOMPSON
23

24                                           By:    /s/ Ian K. Boyd
                                                 _____
25                                           Attorneys for Plaintiff
26                                           TREASURE ISLAND MEDIA, INC.

27

28

-9-