IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TREASURE ISLAND MEDIA INC, | No. C -14-01007 EDL |
| Plaintiff, | **ORDER DENYING DEFENDANT'S MOTION TO TRANSFER** |
| v. | |
| JEFFREY R SMITH, | |
| Defendant. | |

In this trademark infringement case, Plaintiff Treasure Island Media alleged claims for false designation of origin, cyberpiracy, breach of contract, breach of implied contract, trade secret misappropriation, conversion, unjust enrichment, unfair competition, and violation of the Computer Fraud and Abuse Act against Defendant Jeffrey Smith, a former employee. Defendant, who is proceeding *pro se*, has filed a motion to transfer venue from the Northern District of California to the Southern District of New York. For the reasons stated at the hearing on June 3, 2014, Defendant's Motion to Transfer is denied.

I.   **Background**

Plaintiff is a California corporation with its principal place of business in San Francisco, California. Compl. ¶ 2; Declaration of Michael Triolo ¶ 2[1]. Plaintiff hired Defendant to work as Director of Marketing and Customer Engagement in San Francisco in January of 2012. Compl. ¶¶ 5, 13-14. Defendant entered into a confidentiality agreement on January 1, 2013 that prohibits him

---

[1] The Triolo declaration was previously filed under the pseudonym of Matt Mason. At the hearing, the Court ordered Plaintiff to file a revised declaration stating the legal name of the declarant. On June 3, 2014, Defendant filed the declaration of Michael Triolo.

from using or disclosing Plaintiff's confidential information for his personal benefit and binds Defendant for a period of ten years. Compl. Ex. A ¶ 5. Plaintiff owns the trademark "MITCH MASON" for use in online journals in the field of adult entertainment. Request for Judicial Notice Ex. A.

According to the Complaint, in July of 2013, Defendant moved to New York, with the intention of returning to California in July of 2014. Compl. ¶ 3. Defendant, in his motion, maintains that he has no plans to return to California, and maintains that returning to California to defend this case would cause him significant financial hardship. Mot. at 2. In its opposition to Defendant's motion, Plaintiff cites a recent trip Defendant made to California, based on posts and pictures on Defendant's Facebook page. Triolo Decl. ¶ 5; Ex. A. In the reply, Defendant states that the trip to California was financed primarily by his partner as a gift for Defendant's 30th birthday, and travel expenses only cost Defendant $2.50. Knight Decl.; Smith Reply Decl. Defendant left Plaintiff's employment on February 22, 2014. Compl. ¶ 13-14.

**II.    Discussion**

**A.    Personal jurisdiction**

Although Defendant's Motion is styled as one to transfer venue, it appears that Defendant may be raising an objection to personal jurisdiction. A court has specific personal jurisdiction over a non-resident defendant where: 1) the defendant purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the forum's benefits and protections; 2) the claim arises out of or results from defendant's forum-related activities; and 3) exercise of jurisdiction is reasonable. See Bancroft & Masters v. Augusta Nat'l, 223 F.3d 1082, 1086 (9th Cir. 2000); Ballard v. Savage, 65 F.3d 1495, 1498 (9th Cir. 1995).

The first element of this test is satisfied, because Defendant has purposefully availed himself of the privilege of conducting activities in California, by taking deliberate action within California and creating continuing obligations to residents of California. See Ballard, 65 F.3d at 1498. By maintaining his employment with Plaintiff until February of 2014, and by executing in California a confidentiality agreement that binds him until January of 2023, regardless of the status of his relationship with Plaintiff, Defendant created a continuing obligation to a resident of California.

2

Further, Defendant's activities arose out of his contact with California, based on the Ninth Circuit's "but-for" test: but for Defendant's contacts with California, would Plaintiff's claims against Defendant have arisen? See Ballard, 65 F.3d at 1500. Here, Defendant's presence, employment, and continuing obligations with California give rise to the claims against him.

Finally, personal jurisdiction here is reasonable, which is a rebuttable presumption once a court finds purposeful availment. Id. (citing Sher v. Johnson, 911 F.2d 1357, 1364 (9th Cir. 1990). Defendant must present a compelling case that the presence of other considerations make jurisdiction unreasonable. Defendant's employment relationship with a California company, only recently ruptured, and his ongoing obligation to a California resident under the confidentiality agreement show purposeful availment. Plaintiff's claims against him arise out of Defendant's contacts with California, as his employment relationship occurred largely in California and the confidentiality agreement, which he is accused of violating, was executed in San Francisco. Defendant has not presented a compelling case that exercise of jurisdiction over him would be unreasonable. Therefore, any objection to personal jurisdiction is overruled.

**B.    Venue**

Defendant seeks transfer of venue pursuant to 28 U.S.C. § 1404(a) and § 1406(a).

**1.    28 U.S.C. § 1406(a)**

Section 1406(a) applies when venue is laid in the wrong district in the first instance. See 28 U.S.C. § 1406(a) ("(a) The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."). Defendant argues that transfer is proper pursuant to section 1406(a) because venue is improper here pursuant to 28 U.S.C. § 1391(b)(2).

Pursuant to section 1391(b), a civil action may be brought in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). In determining whether venue is proper under section 1391(b)(2) in a contract

3

action, relevant factors to consider are where the negotiations took place, where the contract was signed, or where performance or breach occurred. See Shropshire v. Fred Rappoport Co., 294 F. Supp. 2d 1085. 1094 (N.D. Cal. 2003). "[I]n a tort action, the locus of the injury [is] a relevant factor' in making this determination." Fiore v. Walden, 657 F.3d 838, 859 (9th Cir. 2011) (internal citation omitted). Further, a claim for trademark violation arises in the place where the confusion is likely to occur. See Sidco Indus. Inc. v. Wimar Tahoe Corp., 768 F. Supp. 1343, 1347 (D. Or. 1991).

Here, the underlying employment contracts were negotiated, entered into and substantially performed in San Francisco, and at least two of Plaintiff's claims focus on the agreements, so venue is proper in the Northern District of California. Further, Plaintiff argues that Defendant's actions cause confusion and diminution of Plaintiff's marks in California, which is the subject of Plaintiff's Lanham Act claim. Plaintiff is headquartered in San Francisco and Defendant worked in San Francisco for Plaintiff. Compl. ¶¶ 5, 13-14. Plaintiff also contends that Defendant's unauthorized use of the Mitch Mason mark causes confusion in this district. Opp. at 6. Finally, Plaintiff argues that it suffered economic injury in California because its principal place of business is here. Cf. CollegeSource, Inc., v. AcademyOne, Inc., 653 F.3d 1066, 1079 (9th Cir. 2011) ("We have repeatedly held that a corporation incurs economic loss, for jurisdictional purposes, in the forum of its principal place of business.").

Defendant argues that a substantial amount of the events and property that gave rise to Plaintiff's claims against Defendant "occurred and/or reside in the State of New York." Mot. at 2. However, the record reflects that the events or omissions giving rise to Plaintiff's claims were the employment relationship and agreements between the parties that were entered into in the Northern District of California and performed here for about eighteen months. Thus, venue is proper in this district pursuant to section 1391(b)(2), so section 1406(a) does not apply.

**2.    28 U.S.C. § 1404(a)**

Defendant's primary argument for transfer of venue is that this case should be transferred to the Southern District of New York pursuant to section 1404(a). Under section 1404(a), the court has discretion to order transfer: "[f]or the convenience of parties and witnesses, in the interest of justice,

a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). Determining whether an action should be transferred pursuant to section 1404(a) is a two-step process. The transferor court must first determine whether the action "might have been brought" in the transferee court, and then the court must make an "individualized, case-by-case consideration of convenience and fairness." Inherent.com v. Martindale-Hubbell, 420 F. Supp. 2d 1093, 1098 (N.D. Cal. 2006) (citing Hatch v. Reliance Ins. Co., 758 F.2d 409, 414 (9th Cir. 1985); Jones v. GNC Franchising, 211 F.3d 495, 498 (9th Cir. 2000)). The burden is on the defendant to show that transfer is appropriate. See Commodity Futures Trading Comm'n v. Savage, 611 F.2d 270, 279 (9th Cir.1979).

Here, there is no dispute that the first prong of the section 1404(a) analysis is met. This action might have been brought under 28 U.S.C. § 1391(b)(1) in the Southern District of New York because Defendant resides there. See 28 U.S.C. § 1391(b) ("A civil action wherein jurisdiction is not founded solely on diversity of citizenship may . . . be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State . . . ").

As to the second prong of the 1404(a) analysis, the plain language of the statute requires the Court to consider at least three factors in deciding whether to transfer a claim to another court: (1) convenience of parties; (2) convenience of witnesses; and (3) the interests of justice. Ninth Circuit precedent requires that courts also weigh the plaintiff's choice of forum. See Securities Investor Prot. Corp. v. Vigman, 764 F.2d 1309, 1317 (9th Cir.1985). In determining the convenience of the parties and witnesses and the interests of justice, a Court may consider a number of factors including:

> (1) the plaintiff's choice of forum; (2) the convenience of the parties; (3) the convenience of the witnesses; (4) ease of access to evidence; (5) familiarity of each forum with applicable law; (6) feasibility of consolidation of other claims; (7) any local interest in the controversy; and (8) the relative court congestion and time of trial in each forum.

Gerin v. Aegon USA, Inc., 2007 WL 1033472, at *4 (N.D. Cal., April 4, 2007) (citing Jones v. GNC Franchising, 211 F.3d 495, 498-99 (9th Cir. 2000)). In the usual case, unless the balance of the section 1404(a) factors weighs heavily in favor of the defendants, "the plaintiff's choice of forum should rarely be disturbed." Securities Investor, 764 F.2d at 1317; see also Decker Coal Co. v.

5

Commonwealth Edison Co., 805 F.2d 834, 843 (9th Cir. 1986) ("[D]efendant must make a strong showing . . . to warrant upsetting the plaintiff's choice of forum"). However, "[i]f the operative facts have not occurred within the forum of original selection and that forum has no particular interest in the parties or the subject matter, the plaintiff's choice is entitled only to minimal consideration." Pacific Car and Foundry Co. v. Pence, 403 F.2d 949, 954 (9th Cir. 1968).

Subsequent district court opinions have stated the test in the disjunctive: "The degree to which courts defer to the plaintiff's chosen venue is substantially reduced where the plaintiff's venue choice is not its residence or where the forum chosen lacks a significant connection to the activities alleged in the complaint." See, e.g., Fabus Corp. v. Asiana Express Corp., 2001 WL 253185, at *1 (N.D. Cal. March 5, 2001) (emphasis added); Williams v. Bowman, 157 F. Supp. 2d 1103, 1106 (N.D. Cal. 2001) (citing Fabus, 2001 WL 253185, at *1). However, transfer should be denied where it would "merely shift rather than eliminate the inconvenience." Decker Coal, 805 F.2d at 843.

### i. Plaintiff's choice of forum

Unless the balance of the section 1404(a) factors weighs heavily in favor of the defendants, "the plaintiff's choice of forum should rarely be disturbed." Securities Investors, 764 F.2d at 1317; see also Decker Coal Co., 805 F.2d at 843 ("defendant must make a strong showing . . . to warrant upsetting the plaintiff's choice of forum"). This is especially true when a plaintiff chooses to sue in its "home turf." See Warfield v. Gardner, 346 F. Supp. 2d 1033, 1044 (D. Ariz. 2004) (plaintiff's choice of "home forum is to be given substantial deference"); Ravelo Monegro v. Rosa, 211 F.3d 509, 513 (9th Cir. 2000) (referring to the "strong presumption in favor of a domestic plaintiff's forum choice."); Chrysler Corp. v. Woehling, 663 F. Supp. 478, 482 (D. Del. 1987) ("This is so because the plaintiff is the founder of the suit and his choice of forum must be a 'paramount consideration' in determining a motion to transfer. However, when the plaintiff chooses a forum which has no connection to himself or the subject matter of the suit, and is thus not his "home turf," the burden on the defendant is reduced and it is easier for the defendant to show that the balance of convenience favors transfer.") (internal citation omitted).

The deference accorded to a plaintiff's chosen forum should be balanced against both the extent of a defendant's contacts with the chosen forum and a plaintiff's contacts, including those

6

relating to a plaintiff's cause of action. See Pacific Car and Foundry Co. v. Pence, 403 F.2d 949, 954 (9th Cir. 1968). "If the operative facts have not occurred within the forum of original selection and that forum has no particular interest in the parties or the subject matter, [a] plaintiff's choice is only entitled to minimal consideration." Id.

Plaintiff's principal place of business is in San Francisco. See Triolo Decl. ¶ 2. Further, the claims in this case arise out of the employment relationship between Plaintiff and Defendant that was entered into in San Francisco and took place there for over one year. Thus, the Court gives deference to Plaintiff's choice of forum.

### ii. Convenience of the parties

Plaintiff argues that it would be more convenient for it to litigate in California because its witnesses are here and its corporate records and other evidence are here. Plaintiff also argues that the inconvenience of litigating in New York would be severe because Plaintiff has suffered a serious loss in revenue already from Defendant's alleged theft of property, misappropriation of trade secrets and other unlawful conduct. See Triolo Decl. at ¶ 3.

Defendant argues that it would be more convenient for him to litigate in New York, and asks the Court to consider that he is unemployed and is seeking full time employment in New York. He argues that he simply cannot afford to defend this case in California. Defendant also notes that Plaintiff has a satellite office in New York with six employees, which could alleviate some inconvenience. Triolo Decl. ¶ 2. In response, Plaintiff relies heavily on a evidence of a trip that Defendant recently took to California as showing that Defendant has the financial means to travel here for litigation. Defendant has submitted a declaration that he paid minimal amounts towards the trip expenses, which supports his declaration that he cannot afford to travel here. Smith Decl. ¶¶ 6-7. Accordingly, Defendant's recent trip to California does not weigh heavily in the convenience analysis.

The Court is mindful that Defendant is unemployed and represents that he cannot afford to litigate this case in California. However, as stated at the hearing, Defendant will be allowed to appear in court by telephone when appropriate and Plaintiff agreed to depose Defendant in New York. Although this factor weighs slightly in favor of transfer given Defendant's pro se status and

7

Plaintiff's office in New York, the relevant remaining factors weigh against transfer or are neutral.

### iii.   Convenience of the witnesses

The convenience of the witnesses "is often the most important factor considered by the court when deciding a motion to transfer for convenience." Steelcase v. Haworth, 41 U.S.P.Q. 2d 1468, 1470 (C.D. Cal. 1996); see also Kannar v. Alticor, Inc., 2009 U.S. Dist. LEXIS 35091, *4 (N.D. Cal. Apr. 9, 2009). The primary consideration is for the convenience of third party witnesses, and not employee witnesses. See Royal Queentex Enters. v. Sara Lee Corp., 2000 U.S. Dist. LEXIS 10139, at *6 (N.D. Cal. Mar. 1, 2000). Additionally, the Court should consider "not only the number of witnesses located in the respective districts, but also the nature and quality of their testimony in relationship to the issues in the case." Kannar, 2009 U.S. Dist. LEXIS 35091, at *5 (quoting Steelcase, 41 U.S.P.Q. 2d at 1470).

Plaintiff states that it will call approximately ten employees as witnesses in this dispute, and approximately ten non-party witnesses who reside in California. Plaintiff argues that the availability of compulsory process of attendance of unwilling witnesses and the cost of obtaining attendance of willing witnesses weighs in favor of venue in California. Defendant does not address the issue of witnesses or their availability as part of the venue analysis. This factor weighs against transfer.

### iv.   Remaining factors

Plaintiff's evidence is located in California, and Defendant's evidence is likely in New York. The ease of access to evidence factor is essentially neutral given the ability to email or otherwise transfer documents easily.

Because both New York and California federal courts are equally able to the apply the law at issue in this case. the familiarity with applicable law factor is also neutral. Similarly, although the parties did not provide the Court with information about the relative court congestion and time of trial in each forum, the congestion factor is likely neutral.

Plaintiff argues that California has an interest in overseeing a dispute between a California company and a former employee who was a resident of California during the employment relationship. Defendant does not address the local interest factor, which weighs against transfer.

1 Finally, the parties do not address the feasibility of consolidation with other claims factor, which would seem to be irrelevant in this case.

### v. Conclusion

The Court has balanced all of the Ninth Circuit factors relating to transfer under section 1404(a), which weigh against transfer. Accordingly, Defendant's motion to transfer is denied.

**IT IS SO ORDERED.**

Dated: June 5, 2014



ELIZABETH D. LAPORTE
United States Magistrate Judge